J-S04026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MIGUEL PEREZ | : | |
| | : | |
| Appellant | : | No. 1862 MDA 2018 |

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001497-1991,
CP-36-CR-0001533-1991


BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 23, 2019**

Jose Miguel Perez appeals, *pro se*, from the order entered September
26, 2018, in the Lancaster County Court of Common Pleas, dismissing his
serial petition for collateral relief filed pursuant to the Post Conviction Relief
Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  Perez seeks relief from the
judgment of sentence of an aggregate term of 24-80 years' imprisonment,

_____

* Former Justice specially assigned to the Superior Court.

[1] Perez titled his pleading as a petition for a writ of *habeas corpus*.  Our review
of the record demonstrates that the court below correctly deemed the pleading
to be a PCRA petition, as his challenge to the legality of the sentence is well
within the ambit of the PCRA.  **See** Writ of *Habeas Corpus*, 5/14/2018, at 2-
5; PCRA Court Memorandum and Order, 11/13/2018, at 1; **see also**
**Commonwealth v. Burkett**, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations
omitted) ("[I]t is well established that pursuant to Pennsylvania law, the PCRA
subsumes the writ of *habeas corpus* unless the claim does not fall within the
ambit of the PCRA statute."); 42 Pa.C.S.A. §§ 9543(a)(2)(vii).

imposed on June 4, 1993, following his jury conviction of one count of delivery of a controlled substance, and three counts of possession with intent to deliver a controlled substance, on two separate dockets. On appeal, he asserts the PCRA court erred in dismissing his PCRA petition as untimely. For the reasons below, we are constrained to quash this appeal.

The parties are well acquainted with the facts and procedural history underlying this appeal and we need not recite them herein. In summary, on July 9, 1992, a jury convicted Perez of the aforementioned charges. On June 4, 1993, the trial court pronounced the judgment of sentence. On May 2, 1994, this Court affirmed the judgment of sentence. ***Commonwealth v. Perez***, 647 A.2d 266 (Pa. Super. 1994) (unpublished memorandum). Perez did not seek leave to appeal to the Pennsylvania Supreme Court. Subsequently, Perez filed approximately six failed petitions for PCRA relief as well as unsuccessfully seeking relief in the federal courts.

Perez filed the instant petition on May 14, 2018. On August 24, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). On September 26, 2018, the PCRA court dismissed the petition as untimely. This timely appeal listing both lower court docket numbers followed.[2]

---

[2] On October 1, 2018, subsequent to the dismissal of Perez's petition, he filed a motion to amend his petition signed September 25, 2018. On October 9, 2018, Perez filed a response to the Rule 907 notice, signed October 4, 2018.

J-S04026-19

On appeal, Perez contends the PCRA court erred in treating his pleading as an untimely PCRA petition and dismissing it. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

However, before we may consider either the PCRA court's request for a remand or the timeliness of the PCRA petition, we must first determine whether Perez properly filed the notice of appeal.[3] As noted *supra*, Perez's single notice of appeal listed both docket numbers. **See** Notice of Appeal, 10/19/2018. The official note to Pennsylvania Rule of Appellate Procedure 341 states that separate notices of appeal must be filed when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment."[4] Despite this, the courts of this Commonwealth, until recently, have allowed appeals to proceed even if the appellant listed multiple

_____

Perez filed his notice of appeal on October 19, 2018. The PCRA court did not order him to file a concise statement of errors complained of on appeal. On November 13, 2018, the PCRA court issued a memorandum and order requesting that we remand this matter so that it might consider Perez's amended petition and response to the Rule 907 notice. PCRA Court Memorandum and Order, 11/13/2018, at 2.

[3] On December 7, 2018, this Court issued Perez a rule to show cause why the appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Perez did not file a response, and we discharged the rule, so the merits panel could decide the issue.

[4] Pa.R.A.P. 341, Official Note.

- 3 -

dockets on one notice of appeal. *See In Interest of P.S.*, 158 A.3d 643 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

However, on June 1, 2018, in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Id.* at 971. The Court explained "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." *Id.* at 976-977. Recognizing, however, that "decades" of prior case law, while disapproving of the practice, seldom resulted in quashal of the appeal, the *Walker* Court declined to quash the appeal before it. Nevertheless, the Court held:

> While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

*Id.* at 977 (footnote omitted).

In the case before us, Perez filed a single notice of appeal, listing both trial court docket numbers at issue, on October 19, 2018. Because he filed this notice after the decision in *Walker*, Perez was required to file separate notices of appeal for each number. Consequently, pursuant to the mandate in *Walker*, *supra*, we are constrained to quash this appeal.

Appeal quashed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/2019